UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARIA-LUCIA ANGHEL, M.D.,

                         Plaintiff,                      **ORDER**

  -against-                                       15-cv-5914 (SJF)(SIL)

THE NEW YORK STATE DEPARTMENT OF
EDUCATION, ET AL.,

                         Defendants.
-------------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

      By way of a Complaint dated July 21, 2015, Plaintiff Maria-Lucia Anghel, M.D. ("Plaintiff") commenced this action against forty-one defendants in the Southern District of New York, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1965(a) *et seq.*; 42 U.S.C. § 1983; Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a; the Freedom of Information Act, 5 U.S.C. § 552; *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and various state laws. *See* Docket Entry ("DE") [2]. In a September 30, 2015 Order, the Honorable Loretta A. Preska, Chief United States District Judge for the Southern District of New York, *sua sponte* transferred Plaintiff's action to the Eastern District of New York.[1] *See* DE [6]. Presently before the Court is Plaintiff's motion seeking an Order re-transferring this action to the Southern District of New

---

[1] The relevant facts and background are set forth in Judge Preska's transfer order and are not addressed again herein.

1

York pursuant to 28 U.S.C. § 1404. *See* DE [12]. For the reasons set forth herein, Plaintiff's motion is denied.[2]

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). District courts have "broad discretion in determining whether transfer is warranted." *Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009). Although the determination of whether transfer is warranted depends on an "individualized, case-by-case consideration of convenience and fairness," *Defelice v. Southwest Airlines Co.*, No. 04-cv-2063, 2005 WL 820515, at *1 (E.D.N.Y. Mar. 19, 2005), courts consider the following non-exclusive factors in evaluating whether transfer is proper:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 832 (S.D.N.Y. 2012); *see also Zaltz v. JDATE*, 952 F. Supp. 2d 439, 459 (E.D.N.Y. 2013) ("[T]here is no strict formula for the application of these factors, and no single factor is determinative."). The party seeking transfer "bears the burden of showing that transfer is warranted . . . ."

---

[2] A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is non-dispositive, and therefore within the authority of a Magistrate Judge. *See Shenker v. Murasky*, No. 95-cv-4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *see also Kai Wu Lu v. Tong Zheng Lu*, No. 04-cv-1097, 2007 WL 2693845, at *2 (E.D.N.Y. Sept. 12, 2007) ("United States Magistrate Judges have the authority to decide a motion to transfer by virtue of 28 U.S.C. § 636(b)(1)(A) . . . .").

*EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

Motions to re-transfer "are highly disfavored under the doctrine of law of the case." *Gorzynski v. JetBlue Airways Corp.*, 10 F. Supp. 3d 408, 412 (W.D.N.Y. 2014) (citing *Gary Freidrich Enters., LLC v. Marvel Enters., Inc.*, No. 08 Civ. 1533, 2008 WL 4129640, at *2 (S.D.N.Y. Sept. 4, 2008)). "Specifically, transferee courts apply the doctrine [of law of the case] when a plaintiff moves to re-transfer the action back to the original district." *Gary Freidrich Enters., LLC*, 2008 WL 4129640, at *2; *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166 (1988) ("[T]ransferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation."). Therefore, an action should not be re-transferred to the transferor court " 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.' " *Gary Freidrich Enters., LLC*, 2008 WL 4129640, at *2 (quoting *In re Cragar Indus.*, 706 F.2d 503, 505 (5th Cir. 1983)). Impelling and unusual circumstances exist when "unanticipatable post-transfer events frustrate the original purpose for transfer." *Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, No. 93 Civ. 8197, 1996 WL 140251, at *4 (S.D.N.Y. Mar. 27, 1996) (internal quotation omitted).

Plaintiff has neither identified impelling and unusual circumstances nor established that Judge Preska's transfer order was manifestly erroneous. Rather, Plaintiff argues that re-transfer is appropriate because: (i) she is unable to fairly

3

prosecute her case in the Eastern District of New York because Judge Spatt and Magistrate Judge Wall are defendants; (ii) the majority of the defendants reside outside of the Eastern District of New York; and (iii) the totality of the circumstances favors re-transfer and her choice of venue should be given deference. Each of Plaintiff's arguments lacks merit.

First, Plaintiff's argument that she cannot fairly prosecute her case in the Eastern District of New York is easily disposed of, as neither Judge Spatt nor Magistrate Judge Wall is in any way involved with the adjudication of this action. In fact, contrary to Plaintiff's argument that the both judges "are still adjudicating cases in this Eastern District Court," Magistrate Judge Wall is retired. *See* Mot. ¶ 7. Next, Plaintiff provides no basis or support for her contention that 87.5% of the defendants "reside in the City or Upstate New York, Westchester, Kingston, Albany, etc." *Id.* at ¶ 17. Moreover, convenience of the parties is only one of several non-exclusive factors that courts consider in deciding motions to transfer. *See Fteja*, 841 F. Supp. 2d at 832. Other factors identified in Judge Preska's transfer order favor adjudication in the Eastern District of New York. *See* DE [6] at 6. Finally, Plaintiff's choice of forum is accorded less deference because she does not reside in the Southern District of New York. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Based on the foregoing, Plaintiff has failed to establish that this action should be re-transferred to the Southern District of New York because she has neither identified impelling and unusual circumstances nor established that Judge Preska's transfer order was manifestly erroneous. Therefore, Plaintiff's motion to re-transfer

4

this action to the Southern District of New York pursuant to 28 U.S.C. § 1404 is denied.

Dated: Central Islip, New York  
November 17, 2015

**SO ORDERED**

<u>s/ Steven I. Locke</u>  
STEVEN I. LOCKE  
United States Magistrate Judge