UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARIA-LUCIA ANGHEL, M.D.,

                    Plaintiff,          **ORDER**
  -against-                                 15-CV-5914 (SJF)(SIL)

THE NEW YORK STATE DEPARTMENT OF
EDUCATION, ET AL.,

                    Defendants.
----------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

      Presently before the Court is Plaintiff Maria-Lucia Anghel's ("Plaintiff") motion pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3"), seeking reconsideration of this Court's November 18, 2015 Order denying Plaintiff's motion to re-transfer this action back to the Southern District of New York. *See* Docket Entry ("DE") [22]. Defendant Eric T. Schneiderman opposes Plaintiff's motion. *See* DE [25]. For the reasons set forth herein, Plaintiff's motion for reconsideration is denied.

      Motions for reconsideration are governed by Local Rule 6.3, which requires that the movant "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." *Pickering-George v. Attorney Gen. of U.S.*, No. 10-CV-1103, 2011 WL 52363, at *1 (E.D.N.Y. Jan. 5, 2011) (citing Local Civ. R. 6.3). Therefore, to prevail on a motion for reconsideration, "a movant must show that the Court has overlooked controlling decisions or factual matters that, had they been considered, might reasonably have altered the result." *Paradysz Matera Co., Inc. v. Robertson*, No. 04-CV-1779, 2004 WL 1713902, at *1 (S.D.N.Y. July 29, 2004) (citing

1

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

"The standard for a motion for reconsideration is demanding, and should be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" *Henry v. Alliance for Health, Inc.*, No. 05-CV-1264, 2006 WL 3050873, at *1 (E.D.N.Y. Oct. 18, 2006) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002)); *see also Hunt v. Enzo Biochem, Inc.*, No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("A motion for reconsideration is not . . . a second bite at the apple for a party dissatisfied with a court's ruling.") (internal quotation omitted). Ultimately, motions for reconsideration "are committed to the sound discretion of the district court." *Image Processing Techs. v. Canon Inc.*, No. 10-CV-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012).

Even given the liberal construction afforded to *pro se* litigants, the Court can discern no legal basis for granting Plaintiff's motion for reconsideration. Plaintiff cites to neither controlling legal principals nor factual matters that the Court failed to consider in denying her motion for re-transfer. Rather, Plaintiff relies on substantially the same arguments as set forth in her original motion, advancing the puzzling theory that this Court failed to meet its burden of establishing that transfer

to the Eastern District of New York was warranted.  *See* Mot. ¶¶ 1, 11, 16, 17, 18, 21, 29, 34, 35, 48, 49, 50, 59.  However, it is well-established that, as the movant, Plaintiff bore the burden of establishing that re-transfer back to the Southern District of New York was warranted.  *See EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012) ("The moving party . . . bears the burden of showing that transfer is warranted . . . ."); *O'Hopp v. ContiFinancial Corp.*, 88 F. Supp. 2d 31, 34 (E.D.N.Y. 2000) ("The burden of demonstrating that a case should be transferred is on the moving party . . . .").  In any event, because Plaintiff has failed to identify controlling decisions or factual matters that the Court overlooked in its Order denying her motion for re-transfer, Plaintiff's motion for reconsideration is denied.

| | |
|---|---|
| Dated: Central Islip, New York<br>December 2, 2015 | **SO ORDERED**<br><br>s/ Steven I. Locke<br>STEVEN I. LOCKE<br>United States Magistrate Judge |

3