```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIA-LUCIA ANGHEL, M.D.,

                    Plaintiff,
                                                              ORDER
     -against-                                                15-CV-5914 (SJF) (SIL)

THE NEW YORK STATE DEPARTMENT
OF EDUCATION, et al.,

                    Defendants.
-----------------------------------------------------------X
```

FILED
CLERK
1/14/2016 2:57 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, J.

On November 24, 2015, the Court ordered Plaintiff, Maria-Lucia Anghel, M.D. ("Anghel" or "Plaintiff"), to show cause why this action should not be dismissed pursuant to the doctrines of *res judicata*, collateral estoppel, *Rooker-Feldman*,[1] and absolute immunity, the Eleventh Amendment, and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In response to the Order to Show Cause, Anghel filed an affidavit that fails to address any of the legal issues set forth in the Order to Show Cause.

As a result, the case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); the motion in docket entry #43 is denied as moot; and the motions in docket entries #46, 48, 49, and 50 are all denied. To the extent that the motion in docket entry #58 seeks a temporary restraining order, the motion is denied. The Clerk of the Court is directed to close the case.

---

[1] The *Rooker-Feldman* doctrine is set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

I.  **BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case, as set forth in a prior Order from this Court.  *See Anghel v. New York State Dep't of Ed., et al.*, No. 15-cv-5914, slip op. (E.D.N.Y. Nov. 24, 2015).

On May 29, 2013, District Judge Arthur D. Spatt dismissed Anghel's first action in the United States District Court for the Eastern District of New York (the "Eastern District"), which alleged that her "medical license [had been] wrongfully and unconstitutionally revoked." [DE 6, at 2 (internal quotation marks omitted) (quoting *Anghel v. New York State Dep't of Health, et al.*, 947 F. Supp. 2d 284, 292 (E.D.N.Y. 2013))]. On July 20, 2013, Judge Spatt denied Anghel's amended motion for reconsideration. *Anghel v. New York State Dep't of Health, et al.*, 947 F. Supp. 2d 304, 309 (E.D.N.Y. 2013). On January 20, 2015, the United States Court of Appeals for the Second Circuit (the "Second Circuit") "affirmed the judgment dismissing [Plaintiff's] claims and the July 20, 2013 order denying [the amended] motion for reconsideration." [DE 6, at 3 (citing *Anghel v. New York State Dep't of Health, et al.*, 589 F. App'x 28 (2d Cir. 2015) (summary order), *cert. denied*, 135 S. Ct. 2896 (June 29, 2015))].

On July 21, 2015, Anghel filed an action in the United States District Court for the Southern District of New York (the "Southern District"), seeking, *inter alia*, similar relief as what she requested in her previous action in the Eastern District. *Anghel v. New York State Dep't of Ed., et al.*, No. 15-cv-5751 (S.D.N.Y. July 21, 2015). On October 14, 2015, the Southern District, Preska, C.J., transferred the action to the Eastern District. [DE 7]. On October 15, 2015, this Court declined to sign Anghel's first Proposed Order to Show Cause seeking a hearing before a three (3)-judge panel pursuant to 28 U.S.C. § 2284 (the "First

Proposed Order").[2] [DE 9; *see* DE 3]. On November 2, 2015, Anghel moved to "compel/transfer" her case back to the Southern District, *see* DE 12, and on November 17, 2015, filed an amended complaint, *see* DE 16. On November 18, 2015, Magistrate Judge Steven I. Locke denied Anghel's motion to "compel/transfer." [DE 14]. On November 23, 2015, Anghel moved for reconsideration of the November 18, 2015 Order. [DE 22].

On November 24, 2015, this Court issued an Order to Show Cause directing Anghel to serve and file an affidavit "on or before 4:00 p.m. on Friday, January 8, 2016, why her action should not be dismissed pursuant to the doctrines of *res judicata*, collateral estoppel, *Rooker-Feldman*, and absolute immunity, the Eleventh Amendment, and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." [DE 19 (internal citation omitted)]. At the same time, Anghel was advised that "failure to file an affidavit in accordance with this Order to Show Cause will result in her action being dismissed in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice." *Id.* at 3.

On November 30, 2015, Anghel filed a second Proposed Order to Show Cause "why (I) an order immediately transferring the case to the Southern District, or out-of-state, should not issue . . . and also (II) why an order <u>immediately reinstating plaintiff's medical license *nunc pro tunc*</u>, should not issue . . . ." (the "Second Proposed Order"), which this Court declined to sign. [DE 27-28]. Anghel then moved to compel the Court to "provide [her] with a reason for the denial of the [Second Proposed Order]," which this Court denied. [DE 31; Order dated 12/1/15]. Anghel filed a third Proposed Order to Show Cause seeking the same relief as that in her Second

---

[2] Section 2284 of Title 28 of the United States Code mandates that "[a] district court of three [3] judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).

3

Proposed Order (the "Third Proposed Order"). [DE 33]. On December 1, 2015, this Court declined to sign the Third Proposed Order. [DE 34]. On December 2, 2015, Judge Locke denied Anghel's motion for reconsideration of the November 18, 2015 Order denying her motion to transfer the case back to the Southern District. [DE 35]. On December 3, 2015, Anghel filed a fourth Proposed Order to Show Cause seeking the same relief as that in her Second and Third Proposed Orders (the "Fourth Proposed Order"). [DE 37]. This Court declined to sign the Fourth Proposed Order on December 4, 2015. [DE 39].

Between December 7, 2015 and January 7, 2016, Anghel filed six (6) additional motions seeking, *inter alia*: i) issuance of an amended summons; ii) transfer of the action back to the Southern District; iii) a hearing and reinstatement of her medical license by a three (3)-judge panel; and iv) sanctions against some of the named defendants. [DE 43, 46, 48-50, 55]. The Court denied Anghel's motion for a temporary restraining order "immediately reinstating her medical license," DE 55, at 3, and did not rule on her other pending motions. *See* Order dated 12/28/15.

On January 8, 2016, Anghel filed a "motion to take judicial notice and grant full court review, to vacate, issue TRO, retransfer, in the interest[s] of justice" (the "Motion"). [DE 58]. In the Motion, she requests, *inter alia*, transfer of the case back to the Southern District, a hearing before a three (3)-judge panel, vacatur of prior court orders that she declares to be "void," and another temporary restraining order "immediately reinstating Plaintiff's medical license." *Id.* She filed and signed her Motion, dated January 8, 2016, by "declar[ing] under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements in below motion are true and correct to the best of her knowledge." *Id.*

## II. DISCUSSION

### A. *Case Dismissed with Prejudice*

Where a court mandates submission of an affidavit in response to an order to show cause, the affidavit may be filed in the form of an "unsworn declaration . . . or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . ." 28 U.S.C. § 1746. The unsworn affidavit may be "in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'." *Id.* at § 1746(2).

In Anghel's Motion, she "declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements in below motion are true and correct to the best of her knowledge" and signs and dates it as of January 8, 2016. [DE 58]. The Motion is in substantially the same form as an unsworn declaration that may be filed in lieu of an affidavit pursuant to 28 U.S.C. § 1746. The Court deems Anghel's Motion as an affidavit responding to this Court's November 24, 2015 Order to Show Cause.[3]

The Motion, which is untimely as it was not filed by 4:00 p.m., only reiterates the arguments raised in previous filings, *see* DE 3, 12, 22, 27, 33, 37, 46, 49, 50; it does not address "why [Anghel's] action should not be dismissed pursuant to the doctrines of *res judicata*, collateral estoppel, *Rooker-Feldman*, and absolute immunity, the Eleventh Amendment, and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure," as required by the Order to Show Cause. [DE 19 (internal citation omitted)]. As Anghel has failed to file an affidavit in accordance with this Court's November 24, 2015 Order to Show Cause, the action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

---

[3] In the Motion, Anghel also seeks a temporary restraining order "immediately reinstating Plaintiff's medical license," which is denied.

Anghel's pending motions are also denied. The "First Motion to Amend/Correct/ Supplement" a summons upon a defendant, DE 43, is denied as moot in light of the Court's dismissal order. In addition: (1) the "First Motion to Vacate," DE 46; (2) the "First Motion to Amend/Correct/Supplement," DE 48; (3) the "First Motion to Vacate," DE 49; and (4) the "Motion to Vacate," DE 50, are all denied for the reasons set forth in: (1) Judge Locke's November 18, 2015 Order, DE 14, denying Anghel's motion to transfer the case back to the Southern District; (2) *Anghel v. New York State Dep't of Health, et al.*, 589 F. App'x 28 (2d Cir. 2015) (summary order), *cert. denied*, 135 S. Ct. 2896 (June 29, 2015); (3) *Anghel v. New York State Dep't of Health, et al.*, 947 F. Supp. 2d 304 (E.D.N.Y. 2013); and (4) *Anghel v. New York State Dep't of Health, et al.*, 947 F. Supp. 2d 284 (E.D.N.Y. 2013).

### B. *Filing Injunction and/or Sanctions*

Pursuant to the All-Writs Act, a district court 'may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All-Writs Act grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Kenny v. King*, No. 15-cv-5642, 2015 WL 9050894, at *4 (E.D.N.Y. Dec. 15, 2015); *see also Matter of Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (holding that the All Writs Act "grant[s] the district court power [s]ua sponte to enjoin further filings in support of frivolous and vexatious claims.") The district court has "an obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Prince v. Dicker*, 29 F. App'x 52, 55 (2d Cir. 2002) (quotations and citation omitted); *see also Williams v. City Univ. of*

6

*New York, Brooklyn College*, __ F. App'x __, 2015 WL 8240286, at *2 (2d Cir. Dec. 9, 2015) (quoting *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005)) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."); *Safir v. United States Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (quoting *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (*per curiam*)) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation."). "The filing of repetitive and frivolous suits constitutes the type of abuse [of the judicial process] for which an injunction forbidding further litigation may be an appropriate sanction." *Van Pier v. Long Island Sav. Bank, FSB*, 159 F.3d 1349, 1998 WL 537798, at *3 (2d Cir. July 21, 1998) (quotations and citation omitted); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quotations, alterations, and citations omitted) ("The issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings."). The following factors should be considered in determining whether to restrict a litigant's future access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigation has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*In re Neroni*, __ F. App'x __, 2015 WL 9261287, at *1 (2d Cir. Dec. 18, 2015). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *ACLI Gov't Sec., Inc. v.*

*Rhoades*, 101 F.3d 688, 1996 WL 397630, at *2 (2d Cir. June 28, 1996) (quotations and citation omitted).

The court must first provide a litigant with notice and an opportunity to be heard before imposing a filing injunction, *see Lau*, 229 F.3d at 123, and the filing injunction must be narrowly tailored so as to preserve the litigant's right of access to the court, *see Bd. of Managers of 2900 Ocean Avenue Condominium v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996) (holding that filing injunctions "must be appropriately narrow"); *SBC 2010–1, LLC v. Morton*, 552 F. App'x 9, 12 (2d Cir. 2013) (summary order) (affirming the district court's issuance of a filing injunction on the basis that, *inter alia*, it was "narrowly crafted").

Anghel has sought the reinstatement of her medical license and other related relief in multiple prior state and federal actions. "Plaintiff indicates that she has made 'this kind of equitable request numerous times in the last six (6) years, in four (4) state and three (3) federal courts but her petitions, motion[s], and appeals have been systemically denied." [DE 6, at 1 (quoting DE 2, Compl., at ¶ 35)]. The Second Circuit has also declared that Anghel "has persisted in re-filing meritless motions-no fewer than twelve [12] on appeal," and has "warned [her] that the filing of additional meritless motions may result in the imposition of sanctions . . . ." [DE 19, at 2 (quoting *Anghel v. New York State Dep't of Health*, 589 F. App'x 28, 29 (2d Cir. 2015) (summary order), *cert denied*, 135 S. Ct. 2896 (June 29, 2015))].

In this action alone, Anghel has filed four (4) nearly identical Proposed Orders to Show Cause, *see* DE 3, 27, 33, 37, and five (5) other motions requesting similar relief as her Proposed Orders to Show Cause, *see* DE 12, 22, 46, 49, 50.

Given the court's "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and

needless expense to other parties and an unnecessary burden on the courts and their supporting personnel," Anghel is warned that similar, future actions will not be tolerated. *Prince v. Dicker*, 29 F. App'x 52, 55 (2d Cir. 2002). If Anghel persists in filing actions asserting claims previously asserted in any state or federal court, the Court will issue an Order to Show Cause why she should not be required to seek leave of this Court before filing any future actions in this Court.

Finally, Anghel is cautioned that Federal Rule of Civil Procedure 11 applies to *pro se* litigants, *see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . . ."); *Ginther v. Provident Life and Cas. Ins. Co.*, 350 F. App'x 494, 496 (2d Cir. 2009) (affirming a district court's imposition of Rule 11 sanctions against a *pro se* litigant), and that should she file another frivolous action, it is within the Court's authority to impose sanctions upon her. *See* Fed. R. Civ. P. 11(c).

## III. CONCLUSION

For the reasons stated above, the case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); the motion in docket entry #43 is denied as moot; and the motions in docket entries #46, 48, 49, and 50 are all denied. To the extent that the motion in docket entry #58 seeks a temporary restraining order, the motion is denied. The Clerk of the Court is directed to close the case. Anghel is warned that re-filing any previously asserted claims may warrant the imposition of sanctions.

**SO ORDERED.**

s/ Sandra J. Feuerstein  
Sandra J. Feuerstein  
United States District Judge

Dated: January 14, 2016  
      Central Islip, New York